# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY T. JACKSON,<br><br>    Petitioner,<br><br>    v.<br><br>PATWIN HORN,[1]<br><br>    Respondent. | Case No. 1:25-cv-00257-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE PATWIN HORN AS RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner was convicted in the Tulare County Superior Court of first-degree murder, arson of an inhabited structure, and driving or taking a vehicle. On August 30, 2023, Petitioner was sentenced to an imprisonment term of life without the possibility of parole plus twenty-two years and four months. (LD[2] 1.) On November 14, 2024, the California Court of Appeals, Fifth

---

[1] Patwin Horn is the Warden of Kern Valley State Prison, where Petitioner is currently housed. Accordingly, Patwin Horn is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents lodged by Respondent on May 9, 2025. (ECF No.10.)

1

1 Appellate District affirmed the judgment. (LD 2.) On January 22, 2025, the California Supreme
2 Court denied the petition for review. (LDs 3, 4.) Petitioner did not file any state habeas petitions
3 challenging the judgment.

4       On February 28, 2025, Petitioner filed the instant petition for writ of habeas corpus. (ECF
5 No. 1.) On May 9, 2025, Respondent filed a motion to dismiss the petition pursuant to <u>Younger</u>
6 <u>v. Harris</u>, 401 U.S. 37 (1971), or in the alternative, for nonexhaustion. (ECF No. 11.) To date, no
7 opposition or statement of nonopposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Abstention

11       "<u>Younger</u> abstention is a jurisprudential doctrine rooted in overlapping principles of
12 equity, comity, and federalism." <u>San Jose Silicon Valley Chamber of Commerce Political Action</u>
13 <u>Comm. v. City of San Jose</u>, 546 F.3d 1087, 1091 (9th Cir. 2008). In <u>Younger</u>, the Supreme Court
14 held that when there is a pending state criminal proceeding, federal courts must refrain from
15 enjoining the state prosecution. <u>Younger</u>, 401 U.S. at 41; <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571
16 U.S. 69, 72 (2013). <u>See also</u> <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 133 (2004) ("The doctrine of
17 <u>Younger v. Harris</u> . . . reinforces our federal scheme by preventing a state criminal defendant
18 from asserting ancillary challenges to ongoing state criminal procedures in federal court.").

19       The Ninth Circuit has "articulated a four-part test" and held that:

> <u>Younger</u> abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

23 <u>Duke v. Gastelo</u>, 64 F.4th 1088, 1094 (9th Cir. 2023) (quotation marks and brackets omitted)
24 (quoting <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 765 (9th Cir. 2018)). "Abstention is only
25 appropriate when all four requirements are met." <u>Id.</u> (citing <u>AmerisourceBergen Corp. v. Roden</u>,
26 495 F.3d 1143, 1149 (9th Cir. 2007)). "However, even if <u>Younger</u> abstention is appropriate,
27 federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other
28 extraordinary circumstance that would make abstention inappropriate.'" <u>Arevalo</u>, 882 F.3d at

765–66 (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

Respondent asserts that "Petitioner's judgment of conviction was not yet final because the state criminal proceedings were ongoing—Petitioner's time to file a petition for writ of certiorari had not yet expired when he filed his federal petition." (ECF No. 11 at 3.) Respondent argues that "because Petitioner's state criminal conviction was not final at the time he filed his federal petition, dismissal is required (even though the state judicial proceedings have concluded)." (Id. at 4–5.)

Here, the Younger requirements are met. First, Petitioner's criminal judgment was not final at the time he filed his federal habeas petition. This Court "must conduct the Younger analysis in light of the facts and circumstances existing at the time the federal action was *filed*." Duke, 64 F.4th at 1093 (emphasis added) (quotation marks and citations omitted). "Finality is a concept that has been 'variously defined; like many legal terms, its precise meaning depends on context.' But here, the finality of a state-court judgment is expressly defined by statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'" Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (first quoting Clay v. United States, 537 U.S. 522, 527 (2003); then quoting 28 U.S.C. § 2244(d)(1)(A)). "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts,' and to th[e Supreme] Court, has been exhausted. Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence[.]'" Jimenez, 555 U.S. at 119–20 (first and second alteration added) (citations omitted). The California Supreme Court denied the petition for review on January 22, 2025, and the time to file a petition for writ of certiorari in the United States Supreme Court expired on April 22, 2025. Petitioner filed the instant federal habeas petition on February 28, 2025, before the judgment became final.

Second, the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v.

3

Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44–45). Third, there is an adequate opportunity in the California state courts and the United States Supreme Court to raise constitutional challenges. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Fourth, the petition challenges a criminal judgment that was not final at the time the petition was filed, and thus, the requested relief sought to enjoin or had the practical effect of enjoining the process of direct review of Petitioner's state conviction.

"Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (emphasis in original). "Although the state court proceedings [a]re completed . . . and an abstention order in this case may result simply in the [petitioner] refiling their federal [habeas petition], this outcome is required by Younger." Id. Accordingly, the Court finds the petition should be dismissed without prejudice pursuant to Younger given that the federal petition was filed before the state judgment was final. See Perez v. Phillips, No. 1:24-cv-00554-KES-SKO (HC), 2025 WL 51212 (E.D. Cal. Jan. 8, 2025) (dismissing federal habeas petition based on Younger because it was filed before the time to file a petition for writ of certiorari in the United States Supreme Court expired). Petitioner does not establish any extraordinary circumstance that would make abstention inappropriate. Accordingly, dismissal is warranted on abstention grounds.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before

presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162–63 (1996). Accord Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)). "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

In the petition, Petitioner raises four grounds for relief. (ECF No. 1 at 5–10.[3]) Grounds Two, Three, Four, and a portion of Ground One assert ineffective assistance of counsel ("IAC"). (Id.) Respondent argues that Petitioner did not exhaust his IAC claims by making a cursory reference to IAC in the last sentence of Petitioner's sole filing in the California Supreme Court, a petition for review.

Here, the heading for the argument section in Petitioner's petition for review filed in the California Supreme Court reads: "Review should be granted to determine whether Appellant's conviction for first degree murder and the felony-murder special circumstance violate due process because they were not based on substantial evidence of premeditation and deliberation or that the murder was motivated by a pre-existing intent to steal." (LD 3 at 5 (capitalization and emphasis omitted).) The last sentence of the petition for review states: "The court of appeal's contrary conclusion is based on an unreasonable interpretation of the undisputed evidence in the case and an unreasonable application of established United States Supreme Court precedent establishing the standards for ineffective assistance of counsel." (LD 3 at 8.)

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    The Court finds <u>Solis v. Garcia</u>, 219 F.3d 922 (9th Cir. 2000), instructive. In <u>Solis</u>, the petitioner wrote in the penultimate paragraph of his twenty-one-page brief in the California Supreme Court:

> If review is granted, appellant wishes to brief the issues raised below and asserted here, 1) that important admissible and trustworthy defense evidence was kept from the jury which evidence also showed that 2) a consciousness of guilt instruction based on hiding of the gun should never have been given; 3) A valid defense instruction pinpointing appellant's theory of the case was refused; 4) A defective reasonable doubt instruction, CALJIC 2.90, was used and that issue is presently before the Supreme Court of the United States in *Sandoval v. California,* (1993) 509 U.S. 954, [114 S.Ct. 40], 125 L.Ed.2d 788 [789]; 5) *Finally, the errors complained of above, individually and cumulatively denied appellant Due Process and a fair trial under federal and state constitutions.*

<u>Solis</u>, 219 F.3d at 930 (emphasis in original) (citation omitted). The Ninth Circuit found that the petitioner did not fairly present his cumulative error claim to the California Supreme Court, noting that "Solis' petition did not label his cumulative error claim as an 'issue' in the contents section of his brief, nor did he argue the claim or cite authority for it." <u>Id.</u> Similarly, here, Petitioner's petition for review did not label his ineffective assistance of counsel claim as an issue in the contents section nor did the petition argue the claim or cite authority for it.

In <u>Wooten v. Kirkland</u>, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit held "that a petitioner has 'fairly presented' a claim not named in a petition if it is 'sufficiently related' to an exhausted claim. Claims are 'sufficiently related' or 'intertwined' for exhaustion purposes when, by raising one claim, the petition clearly implies another error." 540 F.3d at 1025 (citing <u>Lounsbury v. Thompson</u>, 374 F.3d 785, 788 (9th Cir. 2004)). Here, the sole exhausted claim raised in the petition is insufficiency of the evidence. (ECF No. 1 at 5; LD 3.) To the extent Petitioner asserts an IAC claim based on counsel's failure to competently litigate the insufficiency of the evidence issue, "[w]hile admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts." <u>Rose v. Palmateer</u>, 395 F.3d 1108, 1111 (9th Cir. 2005).

Based on the foregoing, the Court finds that Grounds Two, Three, Four, and the portion of Ground One asserting ineffective assistance of counsel are not exhausted. "Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted

6

claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, generally a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). Additionally, a petitioner may move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies or move to stay and hold in abeyance the petition while he exhausts his claims in state court. However, given the Court's conclusion that dismissal is warranted based on Younger, the Court will recommend that the mixed petition be dismissed without prejudice.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED without prejudice based on Younger v. Harris, 401 U.S. 37 (1971), and for failure to exhaust state judicial remedies.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Patwin Horn as Respondent in the instant matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate

Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge